TERRENCE J. EDWARDS (Utah State Bar No. 09166)
BRETTON L. CROCKETT (Utah State Bar No. 08573)

**TECHLAW VENTURES, PLLC**
3290 West Mayflower Ave.
Lehi, Utah 84043
Telephone: (801) 854-7675
Facsimile: (801) 852-8203

Attorneys for Plaintiff Daily Essential Co Enterprises Inc.
U.S. Trademark Registration No. 7583289 – SKIN BAE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **DAILY ESSENTIAL CO ENTERPRISES INC.**, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**SKINBAE AND BEYOND LLC**, a Texas Limited Liability Company,<br><br>Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br>**(Jury Trial Demanded)** |

Plaintiff DAILY ESSENTIAL CO ENTERPRISES INC. (hereinafter referred to as "Plaintiff" or "The Daily Essential Co") by and through its counsel, TechLaw Ventures, PLLC, and hereby files this Complaint and makes the following allegations of infringement of U.S. Trademark Registration No. 7583289 for the SKIN BAE trademark (hereinafter referred to as "the '289 Registration" or the "SKIN BAE Registration") against Defendant SKINBAE AND BEYOND LLC (hereinafter referred to as "Defendant" or "SkinBae and Beyond") as follows.

1

## NATURE OF THE ACTION

1. This is an action for infringement of Plaintiff's federally registered SKIN BAE trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under the statutory and common laws of the State of Utah, all arising from the Defendant's unauthorized use of the SKINBAE and/or SKINBAE & BEYOND trademarks in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale and/or sale of Defendant's skin care and related products.

2. Plaintiff seeks injunctive and monetary relief.

## PARTIES

3. Plaintiff, The Daily Essential Co, is a Utah corporation having a principal place of business in Orem, Utah.

4. Upon information and belief, Defendant, SkinBae and Beyond LLC, is a Texas limited liability company having a principal place of business at Richardson, Texas.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this claim pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq*. This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

6. Defendant is subject to both specific and general personal jurisdiction in the State of Utah (this "State"), consistent with the principles of due process and the Utah Long Arm Statute, because Defendant has committed acts within the State of Utah and this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has (i) availed itself of the rights and benefits of the laws of the State of Utah, (ii) transacted, conducted, and/or solicited business and engaged in a persistent course of conduct in the State of Utah and in this District, (iii) derived substantial revenue from the sales and/or use of products, such as the products sold under the SKINBAE and/or SKINBAE & BEYOND trademarks as accused herein, in the State of Utah and in this District, (iv) purposefully directed activities, directly and/or through intermediaries, such as shipping, distributing, offering for sale, selling, and/or advertising the products sold under the SKINBAE and/or SKINBAE & BEYOND trademarks, at residents of the State of Utah and residents of this District, (v) delivered products sold under the SKINBAE and/or SKINBAE & BEYOND trademarks into the stream of commerce with the expectation that the accused products will be used and/or purchased by consumers in the State of Utah and in this District, and (vi) committed acts of trademark infringement in the State of Utah and in this District.

7. Venue is proper in this district under 28 U.S.C. § 1391, pursuant to the Lanham Act, and because the defendant resides in this judicial district and/or the actions alleged herein occurred within this judicial district.

**GENERAL ALLEGATIONS**

8. The Daily Essential Co is the owner of U.S. Trademark Registration No. 7583289 for the SKIN BAE trademark for use in connection with "skin care products, namely, non-medicated skin se-rum." A true and correct copy of U.S. Trademark Registration No. 7583289 for the SKIN BAE mark is attached as Exhibit A.

9. The Daily Essential Co's products are sold within the health and beauty field and, more specifically, the skincare field.

10. The Daily Essential Co has at least one product branded under the SKIN BAE trademark. The SKIN BAE product is a leading skin care product and is the flagship product for The Daily Essential Co.

11. The Daily Essential Co began using the registered SKIN BAE trademark in United States commerce on or in connection with "Skin care products, namely, non-medicated skin serum" at least as early as September 1, 2019.

12. The Daily Essential Co has expended significant financial resources marketing, advertising and otherwise promoting its federally registered SKIN BAE trademark over the years.

13. The SKIN BAE trademark has gained notoriety in the marketplace, such that there is a significant amount of goodwill associated with the SKIN BAE trademark that belongs exclusively to The Daily Essential Co.

14. The Daily Essential Co's creative achievements have resulted in intellectual property protection being granted for its trademarks. Nevertheless, The Daily Essential Co's intellectual property is the subject of emulation by its competitors, who have attempted to

capitalize on The Daily Essential Co's success and goodwill by imitating its distinctive SKIN BAE trademark.

15. More specifically, The Daily Essential Co's federally registered SKIN BAE trademark is subject to imitation. One such imitator is SkinBae and Beyond, who is unlawfully using the federal registered SKIN BAE trademark in violation of The Daily Essential Co's federally registered trademark rights.

16. SkinBae and Beyond sells skin care and other products related to skin care under the SKINBAE and/or SKINBAE & BEYOND trademarks in United States commerce.

17. SkinBae and Beyond began selling its skin care and other products related to skin care under the SKINBAE and/or SKINBAE & BEYOND trademarks in United States commerce after The Daily Essential Co.

18. SkinBae and Beyond operates a website found at www.skinbaeandbeyond.com and various social media accounts where skin care products are sold bearing the SKIN BAE trademark. A true and correct copy of various pages from the www.skinbaeandbeyond.com website is attached as Exhibit B.

19. Instead of pursuing independent marketing and research, Defendant has chosen to copy and use The Daily Essential Co's distinctive SKIN BAE trademark in violation of The Daily Essential Co's valuable intellectual property rights.

20. By this action, The Daily Essential Co seeks to stop Defendant's illegal conduct and obtain compensation and injunctive relief for the violations that have occurred thus far.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement under the Lanham Act, 15 U.S.C. §1114)**

21. The Daily Essential Co incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

22. Defendant, without authorization, incorporates the entirety of Plaintiff's registered SKIN BAE trademark in its SKINBAE and/or SKINBAE & BEYOND trademarks and is using the SKINBAE and/or SKINBAE & BEYOND trademarks in commerce in connection with the sale, offer for sale, distribution, and advertisement of goods, which compete with the goods sold by The Daily Essential Co under the SKIN BAE trademark.

23. SkinBae and Beyond has been placed on notice of The Daily Essential Co's rights in the SKINBAE trademark.

24. SkinBae and Beyond's unauthorized use of the registered SKIN BAE trademark is likely to cause confusion, mistake, or to deceive the public as to the source of the goods being offered by SkinBae and Beyond.

25. Upon information and belief, SkinBae and Beyond's use of the SKINBAE and/or SKINBAE & BEYOND trademarks is willful and in deliberate disregard for The Daily Essential Co's rights in the SKIN BAE trademark.

26. By reason of the foregoing, The Daily Essential Co asserts a claim against SkinBae and Beyond for injunctive relief and monetary damages for trademark infringement pursuant to 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition under the Lanham Act, 15 U.S.C. §1125(a))

27. The Daily Essential Co incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

28. The Daily Essential Co is known for its various products, including various skin care products and non-medicated skin serums.

29. The Daily Essential Co market at least some of its products under the SKIN BAE trademark.

30. The SKIN BAE trademark has developed considerable goodwill among consumers.

31. SkinBae and Beyond is misrepresenting to the public that its various products, including skin care products and non-medicated skin serums, is affiliated with The Daily Essential Co by incorporating the entirety of Plaintiff's registered SKIN BAE trademark as the SKINBAE and/or SKINBAE & BEYOND trademarks in connection with its marketing and advertising as evidenced by the website in Exhibit B.

32. SkinBae and Beyond's actions create a likelihood of confusion among the public as to the affiliation of SkinBae and Beyond's products with The Daily Essential Co.

33. On information and belief, SkinBae and Beyond used the SKINBAE and/or SKINBAE & BEYOND trademarks with the specific purpose of misleading the public into believing that its goods are affiliated, connected, or associated with The Daily Essential Co.

34. By reason of the foregoing, The Daily Essential Co asserts a claim against SkinBae and Beyond for injunctive relief and monetary damages for unfair competition pursuant to 15 U.S.C. § 1125(a).

35. By reason of the foregoing, The Daily Essential Co asserts that the present case is exceptional and entitles The Daily Essential Co to treble damages and attorneys' fees.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition under the Utah Unfair Competition Act, Utah Code Ann. § 13-5(a)-101, *et seq.*)

36. The Daily Essential Co incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

37. SkinBae and Beyond's actions constitute infringement of The Daily Essential Co's trademark rights.

38. SkinBae and Beyond's actions constitute unfair competition under the laws of the State of Utah pursuant to Utah Code Ann. § 13-5(a)-103.

39. SkinBae and Beyond's actions constitute an intentional business act and practice that is unlawful, unfair, and fraudulent, and has led to a material diminution in value of The Daily Essential Co's intellectual property.

40. SkinBae and Beyond's tortious actions have caused, and unless enjoined by this Court will cause in the future, irreparable damage, loss, and injury to The Daily Essential Co for which The Daily Essential Co has no adequate remedy at law.

41. Pursuant to Utah Code Ann. § 13-5(a)-103, The Daily Essential Co is entitled to actual damages, costs and attorney fees, and punitive damages.

42. By reason of the foregoing, The Daily Essential Co asserts a claim against SkinBae and Beyond for violation of the Utah Unfair Competition Act.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment - Common Law)

43. The Daily Essential Co incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

44. The Daily Essential Co has expended considerable time and resources developing and promoting the registered SKIN BAE trademark.

45. Upon information and belief, SkinBae and Beyond was aware of the benefit of using the registered SKIN BAE trademark and sought to appropriate the time and resources expended by The Daily Essential Co without the authorization or consent of The Daily Essential Co.

46. By using the registered SKIN BAE trademark without compensation to The Daily Essential Co, SkinBae and Beyond has been unjustly enriched.

47. By reason of the forgoing, The Daily Essential Co makes a claim against SkinBae and Beyond for Unjust Enrichment.

**PRAYER FOR RELIEF**

WHEREFORE, The Daily Essential Co prays for judgment against Defendant as follows:

A.  Enjoin SkinBae and Beyond, and all other persons participating or acting in concert with SkinBae and Beyond, from making, hosting or distributing advertisements that include the registered SKIN BAE trademark without authorization from The Daily Essential Co;

B.  Enjoin SkinBae and Beyond, and all other persons participating or acting in concert with them, from infringing the registered SKIN BAE trademark directly or contributorily;

C.  Order SkinBae and Beyond to prepare an accounting of all proceeds generated by the development and use of the infringing advertisements and sales of infringing products;

D.  Award The Daily Essential Co its damages and/or any profits of SkinBae and Beyond and its costs of the action pursuant to 15 U.S.C. § 1117(a);

E.  Award The Daily Essential Co treble its damages and/or SkinBae and Beyond's profits pursuant to 15 U.S.C. § 1117(b);

F.  Find that this is an exceptional case and award The Daily Essential Co' attorneys' fees pursuant to 15 U.S.C. § 1117(a);

G.  Award The Daily Essential Co actual damages for violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5(a)-103;

H.  Award The Daily Essential Co costs and attorneys' fees pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

I. Award The Daily Essential Co punitive damages pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

J. Award The Daily Essential Co pre-judgment and post-judgment interest until such awards are paid; and

K. Award such other and further relief as is just and equitable.

The Daily Essential Co demands a trial by jury on all matters so triable.

DATED this 4th day of February 2025.

TECHLAW VENTURES, PLLC

/s/Terrence J. Edwards
_____
Terrence J. Edwards
Bretton L. Crockett
Attorneys for Plaintiff
Daily Essential Co Enterprises Inc.

**TECHLAW VENTURES, PLLC**
3290 West Mayflower Ave
Lehi, Utah 84043
Telephone: (801) 854-7675
Facsimile: (801) 852-8203